1  **J. PAUL MOORHEAD, State Bar # 240029**
    Email: moorhead@luch.com
2  **LAQUER, URBAN, CLIFFORD & HODGE LLP**
   225 South Lake Avenue, Suite 200
3  Pasadena, California 91101-3030
   Telephone: (626) 449-1882
4  Facsimile: (626) 449-1958

5  Counsel for Plaintiffs, Trustees of the
   Directors Guild of America – Producer Health Plan, et al.
6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| TRUSTEES OF THE DIRECTORS GUILD OF AMERICA – PRODUCER HEALTH PLAN; and TRUSTEES OF THE DIRECTORS GUILD OF AMERICA – PRODUCER PENSION PLANS,<br><br>             Plaintiffs,<br><br>             vs.<br><br>NU IMAGE, INC., a California corporation; MILLENNIUM FILMS, INC., a Delaware corporation; OLYMPUS PRODUCTIONS, INC., a Nevada corporation; and PADRE NUESTRO PRODUCTIONS, LLC, a Louisiana limited liability company,<br><br>             Defendants. | Case No.  2:21-cv-601<br><br>**COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS, RELATED TRUST AGREEMENTS, AND SECTION 515 OF ERISA** |

          Plaintiffs complain and allege as follows:

                      **JURISDICTION AND VENUE**

          1.     This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Court jurisdiction over civil

actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947 ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)] and section 301(a) of the LMRA [29 U.S.C. § 185(a)], this Court has personal jurisdiction over the Defendants, and venue is proper, in that this is the district in which the Plaintiffs' trust funds are administered and in which moneys are due and payable by Defendants to Plaintiffs.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. The Directors Guild of America – Producer Health Plan and the Directors Guild of America – Producer Pension Plans (collectively the "Plans") are express trusts created pursuant to written declarations of trust ("Trust Agreements") between the Directors Guild of America, Inc. ("DGA") and various employers in the motion picture and television production industry. The DGA is a labor organization representing employees in the motion picture and television business, an industry affecting commerce within the meaning of section 302 of the LMRA [29 U.S.C. § 186].

6. The Plans are maintained for the purpose of providing their participants and beneficiaries with medical and pension benefits. The Plans are now, and were at all times material to this action, "multiemployer plan[s]" within the meaning of section

3(37)(A) of ERISA [29 U.S.C. § 1002(37)(A)], and "trust fund[s]" within the meaning of section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].

7. Plaintiffs are the trustees ("Trustees") of the Plans. The Trustees are "fiduciar[ies]" of the Plans as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].

8. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant Nu Image, Inc. ("Nu Image") has been a corporation organized and existing by virtue of the laws of the state of California, with its principal place of business located in Los Angeles County, California.

9. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant Millennium Films, Inc. ("Millennium Films") has been a corporation organized and existing by virtue of the laws of the state of Delaware, with its principal place of business located in Los Angeles County, California.

10. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant Olympus Productions, Inc. ("Olympus Productions") has been a corporation organized and existing by virtue of the laws of the state of Nevada, with its principal place of business located in the state of Nevada.

11. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant Padre Nuestro Productions, LLC ("Padre Nuestro Productions") has been a limited liability company organized and existing by virtue of the laws of the state of Louisiana, with its principal place of business located in the state of Louisiana.

12. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Nu Image, Millennium Films, Olympus Productions, and Padre Nuestro Productions (collectively the "Defendants") were each an "employer" engaged in "commerce" and in an "industry affecting commerce," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## APPLICABLE BARGAINING AGREEMENTS

13. Plaintiffs are informed and believe, and thereon allege, that under the terms of written agreements with the DGA, Millennium Films and Nu Image agreed to be bound by and guarantee all obligations of its production affiliates under the terms and conditions of written multi-employer collective bargaining agreements between the DGA and motion picture and television producers known as the DGA Basic Agreement and the Freelance Live and Tape Television Agreement (collectively the "CBAs"). The CBAs incorporate by reference the terms and conditions of the Trust Agreements. Millennium Films and Nu Image are now, and at all times material to this action were bound to the CBAs and to the Trust Agreements.

14. Plaintiffs are informed and believe, and thereon allege, that Padre Nuestro Productions and Olympus Productions are "production affiliates" of Millennium Films and Nu Image.

15. Plaintiffs are informed and believe, and thereon allege, that in or around April 2012, Padre Nuestro Productions executed and delivered to the DGA a Letter of Adherence, whereby Padre Nuestro Productions agreed to be bound by all obligations under the terms and conditions of the CBAs and the Trust Agreements. Padre Nuestro Productions is now, and at all times material to this action was bound to the CBAs and to the Trust Agreements.

16. Plaintiffs are informed and believe, and thereon allege, that in or after April 2012, Olympus Productions guaranteed the obligations of Padre Nuestro Productions under the CBAs.

## CLAIM FOR RELIEF

### Breach of Written Collective Bargaining Agreements, Trust Agreements, and Section 515 of ERISA

17. Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through 16 above to the same effect as if set forth verbatim.

///

18. By the terms and provisions of the CBAs and/or Trust Agreements, and at all times material herein, Defendants were obligated to pay the Plans contributions based on a percentage of gross receipts arising from the exploitation of a DGA-covered project in supplemental markets, including free television, pay television, and home video/DVD markets ("Residual Contributions").

19. By the terms and provisions of the CBAs and/or Trust Agreements, and at all times material herein, Defendants were obligated to permit the Trustees to audit or cause the audit of Defendants' pertinent records to assess whether Defendants are in compliance with their obligation to make contributions to the Plans, including Residual Contributions.

20. Defendants are "*employer[s]*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)].

21. Section 515 of ERISA [29 U.S.C. § 1145], provides that "*every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.*" Pursuant to section 515 of ERISA [29 U.S.C. § 1145], Defendants are obligated to pay Residual Contributions to the Plans.

22. Sections 429 of ERISA [29 U.S.C. § 1059], provides that "*every employer shall ... maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.*" Pursuant to section 429 of ERISA [29 U.S.C. § 1059], Defendants are obligated to maintain records sufficient to allow the Trustees to determine the contributions owed by Defendants to the Plans.

23. In or around July 2019, the Trustees conducted an audit ("Audit") of Defendants' pertinent records to assess whether Defendants paid the proper amount of Residual Contributions to the Plans during the period of January 1, 2016, through June 30, 2017, pursuant to the terms of the CBAs and the Trust Agreements. The Audit revealed that Defendants failed to pay the Plans all Residual Contributions based on the

exploitation of the picture *Olympus Has Fallen* in Supplemental Markets. Pursuant to the Audit, Defendants owe the Plans $28,253.00 for Residual Contributions. Failure to pay this amount to the Plans is a breach of the CBAs and Trust Agreements, and is a violation of section 515 of ERISA [29 U.S.C. § 1145].

24. Plaintiffs are informed and believe, and thereon allege, that Defendants owe, but have failed to pay additional amounts of Residual Contributions to the Plans, not presently known to the Trustees, to be established by proof.

25. Pursuant to the CBAs, Trust Agreements, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Defendants owe the Plans interest on all unpaid Residual Contributions from the dates the sums were originally due to the Plans until paid. The amount of said interest will be established by proof.

26. Pursuant to the CBAs, Trust Agreements, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Defendants are obligated to pay to the Plans liquidated damages for the detriment caused by the failure of Defendants to timely pay Residual Contributions to the Plans. These liquidated damages are calculated at the greater of 20% of any unpaid Residual Contributions, or the amount of interest owed by Defendants to the Plans. Defendants owe the Plans at least $5,650.60 for liquidated damages. The exact amount of liquidated damages owed by Defendants to the Plans will be established by proof.

27. Pursuant to the CBAs, Trust Agreements, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)], Defendants agreed that in the event of any delinquency, it would pay all legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced. It has been necessary for the Trustees to engage legal counsel and incur audit costs for the purpose of collecting contributions and damages, and the Trustees are entitled to their reasonable attorneys' fees and audit costs in connection therewith. The exact amount of the legal fees and audit costs due and payable has not been ascertained at this time. These amounts shall be established by proof.

28. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of the Trustees' judgment, the Trustees shall request the Court to:

A. Order Defendants and their representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

B. Order Defendants and their representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Plans, in an amount determined by the Court to be appropriate;

C. Order the creation of a constructive trust on all applicable property, and order the transfer of the applicable property to the Plans; and

D. Order Defendants and their representatives, agents and associates, to pay to the Plans all amounts due the Plans, including, but not limited to, the unpaid contributions, damages, interest, legal fees, audit costs and other expenses and damages incurred.

**PRAYER**

WHEREFORE, the Trustees pray for judgment as follows:

1. For unpaid contributions and other damages for breach of the CBAs, Trust Agreements and ERISA in amounts as proved;

2. For liquidated damages in amounts as proved;

3. For interest at the applicable rate on all amounts due from their respective due dates until paid;

4. For the Trustees' audit costs in amounts as proved;

5. For the Trustees' reasonable attorneys' fees in amounts as proved;

6. For costs of suit incurred herein; and;

7. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

A. An Order directing Defendants, their representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

B. An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to the Plans; and

C. An Order directing Defendants, their representatives, agents and associates, to pay to the Plans all amounts due the Plans, including, but not limited to, the unpaid contributions, damages, interest, legal fees, audit fees and other expenses and damages incurred.

Dated: January 22, 2021    LAQUER, URBAN, CLIFFORD & HODGE LLP

By: /S/ - J. Paul Moorhead
J. Paul Moorhead
Counsel for Plaintiffs, Trustees of the Directors Guild of America – Producer Health Plan and Trustees of the Directors Guild of America – Producer Pension Plans

## WAIVER OF JURY RIGHT

Dated: January 22, 2021    LAQUER, URBAN, CLIFFORD & HODGE LLP

By: /S/ - J. Paul Moorhead
J. Paul Moorhead
Counsel for Plaintiffs, Trustees of the Directors Guild of America – Producer Health Plan and Trustees of the Directors Guild of America – Producer Pension Plans